**Puthy SENG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70315.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Puthy Seng, Dallas, TX, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John M. McAdams, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Puthy Seng, a native and citizen of Cambodia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of her

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. When the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's denial of eligibility for asylum and withholding of removal. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's determination that Seng failed to establish past persecution because there is no evidence that the Khmer Rouge's actions were even partly motivated by an enumerated ground. *See Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (holding that "extortion plus" is necessary to support a claim of asylum).

Substantial evidence also supports the IJ's finding that Seng failed to establish a well-founded fear of future persecution because Seng acknowledges that the Khmer Rouge is no longer a threat and her parents currently reside in Phnom Penh without incident. *See Kotasz v. INS,* 31 F.3d 847, 851 (9th Cir.1994) (holding that a well-founded fear requires petitioner to show more than a generalized or random possibility of persecution).

As Seng failed to satisfy the standard for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Seng's contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by *Falcon Carriche,* 350 F.3d at 848–49.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Seng's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.